J-S10008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVETTE RUEDAS, | |
| Appellant | No. 3429 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0501751-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEED DURHAM, | |
| Appellant | No. 3432 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0612031-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JENNIFER BENIGUEZ, | |
| Appellant | No. 3434 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1104961-2005

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE MATEO, | |
| Appellant | No. 3437 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010653-2007

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOEL BROWN, | |
| Appellant | No. 3442 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0207082-2004

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL FALU, | |
| Appellant | No. 3446 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1106201-2004

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

          v.

TAMMY MICHENSELDER,

          Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3455 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0909232-2005

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

          v.

TWANIA HILL,

          Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3458 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0510412-2006

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

          v.

IN THE SUPERIOR COURT OF
PENNSYLVANIA

J-S10008-15

DANNY T. GORHAM,

                Appellant                No. 3459 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003286-2007

COMMONWEALTH OF PENNSYLVANIA,        IN THE SUPERIOR COURT OF
PENNSYLVANIA

                Appellee

        v.

WILLIAM T. CHIRENO,

                Appellant                No. 3461 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0511041-2004

COMMONWEALTH OF PENNSYLVANIA,        IN THE SUPERIOR COURT OF
PENNSYLVANIA

                Appellee

        v.

BRENDA WATTS,

                Appellant                No. 3463 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1300499-2006

COMMONWEALTH OF PENNSYLVANIA,        IN THE SUPERIOR COURT OF
PENNSYLVANIA

                Appellee

- 4 -

v.

ROBERT MOLL,

Appellant                         No. 3466 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0909231-2005

COMMONWEALTH OF PENNSYLVANIA,          IN THE SUPERIOR COURT OF
                                              PENNSYLVANIA

Appellee

v.

MARK MARQUES,

Appellant                         No. 3469 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0027188-2008

COMMONWEALTH OF PENNSYLVANIA,          IN THE SUPERIOR COURT OF
                                              PENNSYLVANIA

Appellee

v.

THOMASINA HOPKINS,

Appellant                         No. 3470 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0906233-2004

COMMONWEALTH OF PENNSYLVANIA,          IN THE SUPERIOR COURT OF
                                              PENNSYLVANIA

|  |  |
|---|---|
| Appellee | |
| v. | |
| LOUIS B. MERRERO, | |
| Appellant | No. 3471 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0101781-2005

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL GONZALEZ, | |
| Appellant | No. 3474 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004744-2008

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD HARRISON, | |
| Appellant | No. 3475 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0107682-2004

J-S10008-15

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | | |
| | v. | |
| | | |
| SHERRIA JOHNSON, | | |
| | | |
| | Appellant | No. 3476 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0311842-2004

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | | |
| | v. | |
| | | |
| SHERRITA HALL, | | |
| | | |
| | Appellant | No. 3480 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0906232-2004

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | | |
| | v. | |
| | | |
| ALEX CALIX, | | |
| | | |
| | Appellant | No. 3481 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006641-2008

- 7 -

COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

       Appellee

       v.

SOTO HECTOR,

       Appellant | No. 3486 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000083-2007


COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

       Appellee

       v.

REGINALD HALL,

       Appellant | No. 3487 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0906231-2004


COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

       Appellee

       v.

NATHANIEL MOORE,

       Appellant | No. 3488 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0014839-2007

J-S10008-15

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARELL CLARKE, | |
| Appellant | No. 3492 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0306871-2004

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE L. MALAVE, | |
| Appellant | No. 3495 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0304351-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACKLINE CAMACHO, | |
| Appellant | No. 3498 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0809742-2004

- 9 -

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

SOL M. M. GONZALEZ,

        Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3499 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-00005183-2007

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

KARLTON JOHNSON,

        Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3501 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1000941-2005

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

LOUIS RODRIGUES,

        Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3502 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County

Criminal Division at No.: CP-51-CR-0006642-2008

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICOLE TAMM, | |
| Appellant | No. 3503 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010715-2008

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AMILIA FARRELL, | |
| Appellant | No. 3504 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004303-2007

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAMAR WITHROW, | |
| Appellant | No. 3505 EDA 2013 |

- 11 -

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1204521-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARITZA RODRIGUEZ, | |
| Appellant | No. 3508 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0301122-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGELO LOPEZ, | |
| Appellant | No. 3516 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0302781-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON HAYES, | |

- 12 -

|  |  |  |
|---|---|---|
| Appellant | ⋮ | No. 3517 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010893-2008

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ⋮ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ⋮ |  |
| v. | ⋮ |  |
| RICKY BUCKNER, | ⋮ |  |
| Appellant | ⋮ | No. 3518 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007363-2008

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ⋮ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ⋮ |  |
| v. | ⋮ |  |
| WILFREDO BAEZ, | ⋮ |  |
| Appellant | ⋮ | No. 3523 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001739-2007

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ⋮ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ⋮ |  |
| v. | ⋮ |  |

- 13 -

JONATHAN DEAN,

          Appellant       |       No. 3525 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1002371-2004

---

COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
                                     PENNSYLVANIA

          Appellee

        v.

TRAVIS JOHNSON,

          Appellant       |       No. 3526 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0107681-2004

---

COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
                                     PENNSYLVANIA

          Appellee

        v.

LEE STEWART,

          Appellant       |       No. 3527 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0204821-2005

---

COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
                                     PENNSYLVANIA

          Appellee

|  |  |  |
|---|---|---|
| v. | | |
| MERIAM VARGAS, | | |
| Appellant | | No. 3528 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007964-2007

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| MYRA HAYNES, | | |
| Appellant | | No. 3530 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009486-2008

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| ANTHONY FERNANDEZ, | | |
| Appellant | | No. 3531 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0405811-2005

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |

|  |  |  |
|---|---|---|
| | Appellee | |
| v. | | |
| GEORGE SERRANO, | | |
| | Appellant | No. 3532 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1101501-2004

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| v. | | |
| WILLIAM APONTE, | | |
| | Appellant | No. 3533 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001343-2007

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| v. | | |
| JORGE RIVERA, | | |
| | Appellant | No. 3534 EDA 2013 |

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0100271-2005

- 16 -

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

        v.

CARLOS ACOSTA,

          Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3570 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1007331-2005

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

        v.

ADA ANAYA,

          Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3579 EDA 2013

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1000431-2003

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

        v.

JUAN R. BROWN,

          Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 96 EDA 2014

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0207081-2004

- 17 -

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

NADIYAH FRANKS,

        Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 319 EDA 2014

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1204501-2003

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

BRANDON DEVALLE,

        Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 528 EDA 2014

Appeal from the PCRA Order November 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1207903-2000

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED MAY 05, 2015**

Appellants, in these fifty-one consolidated cases, appeal from the orders issued on November 8, 2013,[1] which dismissed, without a hearing,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 18 -

their petitions brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition, Appellants have filed a petition to vacate the current briefing schedule and remand for an evidentiary hearing (Petition to Remand) or alternatively for a writ of *habeas corpus*. For the reasons discussed below, we deny Appellants' Petition to Remand, deny *habeas corpus* and affirm the dismissal of their PCRA petitions.

On February 9, 2009, the Philadelphia Daily News published a story based upon information from a confidential informant (CI), concerning police corruption. (**See** PCRA Court Opinion, 5/14/14, at 1-2). Within sixty days of that story appearing, on April 13, 2009, counsel for Appellants filed the instant PCRA petitions, which the PCRA court consolidated.[2] (**See id.** at 2, and at n.2). Between May 2009 and September 2013, the PCRA court held regular status hearings awaiting the results from a possible investigation of the Philadelphia police officer in question, Officer Jeffrey Cujdik. (**See id.** at 2).

_(Footnote Continued)_ _____

[1] The PCRA court issued Rule 907 notices, orders dismissing these cases, and Rule 1925(a) opinions on several different dates. Because the individual dates have no bearing on our decision, for purposes of consistency and ease of discussion, we will use the dates contained in the lead case, **Commonwealth v. Ruedas**, No. 3429 EDA 2013.

[2] Again, as discussed above, we use the date counsel filed the PCRA on behalf of Appellant Ruedas. Philadelphia Courts were closed on Friday, April 10, 2009, in observance of Good Friday.

- 19 -

On September 20, 2013, because Appellants failed to provide confirmation of any on-going investigation, the PCRA court issued notice of its intent to dismiss the petitions pursuant to Pennsylvania Rule of Criminal Procedure 907(1). (*See id.* at 3). In response, Appellants filed two affidavits, one from the CI in question, Ventura Martinez, and one from one of the Appellants, Danny T. Gorham. (*See id.* at 3). On November 8, 2013, the PCRA court dismissed the petitions. The instant, timely appeal followed.[3]

On appeal, Appellants raise the following questions for our review:

1. Should not this Court remand these cases for a hearing on after-discovered evidence pursuant to [Pa.R.Crim.P.] 720[C] where, while these cases were pending on appeal before this Court, it became known publicly that a secret police investigation determined that the police officer involved in this case had lied on a search warrant and had lied to police investigators?

2. Did not the [PCRA] court err by dismissing without a hearing the instant petitions where there were genuine issues of fact that could only be determined in an evidentiary hearing?

3. Is not state *habeas corpus* an appropriate remedy in the instant cases?

(Appellants' Brief, at 3).

---

[3] In response to the PCRA court's order, Appellants filed timely concise statements of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The PCRA court subsequently issued Rule 1925(a) opinions in each case. *See* Pa.R.A.P. 1925(a).

In their first issue, Appellants argue that this Court should remand the matter pursuant to Pennsylvania Rule of Criminal Procedure 720(C) because "critical new information [had] suddenly become[] known." (Appellants' Brief, at 12). Specifically, Appellants contend that two newspapers have reported, "a secret police investigation sustained eight findings against [Officer Cujdik] . . . [and that] these findings were so serious that Police Commissioner Charles Ramsey immediately suspended Officer Cujdik for [thirty] days with intent to fire him." (Appellants' Brief, at 13) (record citations omitted). However, Appellants have not demonstrated that Pa.R.Crim.P. 720(C) is applicable.[4]

Rule 720(C) provides that, "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly

---

[4] We note that in order to obtain a new trial under Rule 720(C) on the basis of newly discovered evidence, an appellant must demonstrate that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Montalvo***, 986 A.2d 84, 109 (Pa. 2009), *cert. denied*, 131 S. Ct. 127 (2010) (citation omitted). Further, "the proposed new evidence must be producible and admissible." ***Castro***, ***infra*** at 825 (citation and internal quotation marks omitted).

after such discovery." Pa.R.Crim.P. 720(C). The comment to Rule 720(C) specifically states in pertinent part:

> Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge; and **after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA.**

Pa.R.Crim.P. 720(C) comment (citations omitted) (emphasis added); **see also Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009), *appeal denied*, 17 A.3d 1252 (Pa. 2011) (holding claims of after-discovered evidence filed after completion of direct appeal process cannot be considered under Pa.R.Crim.P. 720(C); these motions must be considered solely under PCRA). Therefore, we cannot treat Appellants' petitions as both PCRA petitions **and** Rule 720(C) motions for a new trial. Because Appellants have not argued that direct appeals are still pending in any of their cases (**see** Appellants' Brief, at 12-15), we must treat their petitions as PCRA petitions. Thus, their claims that they are entitled to a new trial under Pa.R.Crim.P. 720(C) must fail. **See Soto**, **supra** at 213. Appellants' first issue does not merit relief.

Appellants next claim that the PCRA court erred in dismissing their PCRA petitions without an evidentiary hearing. Specifically, they argue, "there were contested facts that mandated a hearing." (Appellants' Brief, at 16). We disagree.

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo.*

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence. . . .

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and internal quotation marks omitted).

As a preliminary matter, we observe that the timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Turner**, 73 A.3d 1283, 1285 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014). A PCRA petition must be filed within one year of the date the underlying

judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; and a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1), (b)(2). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, to be eligible for PCRA relief, a petitioner must be currently serving a sentence of imprisonment, probation or parole for the crime the petitioner seeks to challenge. **See** 42 Pa.C.S.A. § 9543(a)(1)(i).

Instantly, we cannot discern from this record whether any of the PCRA petitions under review are timely, or whether any of Appellants are still

serving a sentence for their challenged crimes.[5]  To the extent that any Appellant is no longer serving a sentence for the conviction in question, he/she is ineligible for relief under the PCRA.  ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i).  To the extent that any Appellant is serving a sentence for the conviction in question but filed an untimely PCRA petition that fails to allege an exception the PCRA's time-bar, he/she cannot establish jurisdiction under the PCRA.  ***See Turner, supra*** at 1285; 42 Pa.C.S.A. § 9545(b)(1), (b)(2).

To the extent any Appellant is still serving a sentence for the conviction in question and has filed either (1) an untimely PCRA petition that pleads the "new facts" exception to the PCRA's time-bar at 42 Pa.C.S.A. § 9545(b)(1)(ii); or (2) a timely PCRA petition raising an after-discovered-evidence claim pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi), we address Appellants' argument as follows.

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his

_____

[5] Our review of the records shows that some of the PCRA petitions in this matter are timely, while others are untimely; and that at least some Appellants are no longer serving the sentences at issue.  While the PCRA court includes a general timeliness discussion in its Rule 1925(a) opinions, it does not differentiate between those timely petitions seeking PCRA relief pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi) and those untimely petitions seeking to establish an exception to the timeliness requirements pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii).  Additionally, the PCRA court suggests **none** of Appellants are currently serving the sentences at issue, and thus, are ineligible for PCRA relief.  (**See** PCRA Ct. Op., at 8); ***see also*** 42 Pa.C.S.A. § 9543(a)(1)(i).  Nevertheless, the PCRA court did not dismiss any of the PCRA petitions as untimely, or due to ineligibility for relief.

petition and could not have learned those facts earlier by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273-74 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). This rule is strictly enforced. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011). Significantly, a claim based on inadmissible hearsay does not satisfy the "new facts" exception. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008) (holding appellant's presentation of inmate's affidavit relating Commonwealth witness' (declarant's) alleged perjury did not satisfy "new facts" exception per Section 9545(b)(1)(ii) because claim based on inadmissible hearsay does not implicate "new facts" exception).

To obtain relief on a substantive after-discovered-evidence claim raised in a timely-filed PCRA petition, a petitioner must demonstrate: (1) the evidence was discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See Commonwealth v.*

*Washington*, 927 A.2d 586, 595-96 (Pa. 2007). Further, "[a] petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." *Commonwealth v. Taylor*, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted).

In a recent decision, *Commonwealth v. Castro*, 93 A.3d 818 (Pa. 2014), our Supreme Court held that allegations in a newspaper article "do not constitute evidence" and were not sufficient to support a motion for a new trial. *Id.* at 819. The *Castro* Court stated,

> [A]llegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation. Nothing in these allegations even read in the broadest sense, can be described as "evidence," and references to the officer being under investigation for misconduct contains no information regarding what evidence existed to substantiate this averment. One cannot glean from these bald allegations what evidence of misconduct appellee intended to produce at the hearing.

*Id.* at 825. Our Supreme Court further characterized the information contained in newspaper articles as "double hearsay." *Id.* at 826. The *Castro* Court concluded:

> The relevant motion is not to serve as a preemptive means of securing a hearing that will itself comprise the investigation. Appellee needed to do more than present an article "pointing to" allegations that if true have the potential to aid his cause; he needed to clearly articulate in his motion what evidence he would present to meet the test. . . .

*Id.* at 828.

Instantly, in arguing that they are entitled to an evidentiary hearing, Appellants rely on the newspaper articles attached to the PCRA petition, and attached to the Petition to Remand, and the affidavits attached to their response to the Rule 907 notice. (**See** Appellants' Brief, at 9-10). To the extent any untimely PCRA petitions allege the "new facts" exception and rely on the newspaper articles, the articles constitute inadmissible "double hearsay" which fails to satisfy the "new facts" exception at Section 9545(b)(1)(ii). **See Castro, supra** at 826; **Abu-Jamal, supra** at 1269.

With respect to any timely-filed PCRA petitions alleging a substantive after-discovered-evidence claim under 42 Pa.C.S.A. § 9543(a)(2)(vi), Appellants attempt to distinguish **Castro** by stating: "Unlike [the] unsubstantiated newspaper allegations in **Castro**, here there are substantiated police investigations." (Appellants' Brief, at 14). Although the **Castro** Court notes the vagueness of the newspaper article at issue, the holding in **Castro** squarely held that newspaper articles are not evidence. **See Castro, supra** at 825. We are bound by **Castro** and agree with the PCRA court that the newspaper articles do not constitute evidence to satisfy their substantive after-discovered-evidence claims.

Appellants further argue that they proffered not only newspaper articles but also two affidavits in support of their contentions. (**See** Appellants' Brief, at 16). The affidavit by Appellant Danny T. Gorham describes testimony of Officer Cujdik at Appellant Gorham's preliminary

hearing in 2006 and then states that this testimony was false. (**See** Declaration of Danny Gorham, 10/07/13, at unnumbered page 1). Gorham possessed this information before he pled guilty in October 2007. Thus, the testimony does not constitute a "new fact" for purposes of the timeliness exception at Section 9545(b)(1)(ii), or after-discovered evidence as contemplated under the PCRA. **See Bennett, supra** at 1273-74; **Washington**, **supra** at 595-96.

Additionally, the affidavit by Ventura Martinez does not satisfy the due diligence requirements. While Appellants claim that Martinez was difficult to locate, (**see** Objection to Notice of Intent to Dismiss, 10/09/13, at 3, ¶ 6), they failed to provide any details regarding their attempts to locate him. As presented, the affidavit alone is insufficient to satisfy the requirements of due diligence for the timeliness exception or the substantive after-discovered-evidence claim.[6] **See Bennett, supra** at 1273-74; **Breakiron,**

_____

[6] Moreover, the Martinez affidavit is vague. It does not contain names, dates, or specific events. (**See** Affidavit of Ventura Martinez, 9/30/13, at unnumbered pages 1-2). While Martinez claims that the information contained in the newspaper articles is true and mentions certain instances of allegedly improper activities by Officer Cujdik, it does not connect those activities with any of Appellants and does not contest the substantive guilt of any of them. (**See id.**). Thus, the affidavit is only relevant for impeachment of the police officer and such an affidavit is not a basis for relief. **See Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012) (stating new evidence "[did] not meet the after-discovered evidence test" where its main purpose "would be to impeach the detective's credibility").

*supra* at 98; *Carr, supra* at 1168; *see also Washington, supra* at 595-96; *Taylor, supra* at 1041.

We conclude, for the foregoing reasons, that the combination of the newspaper articles and the affidavits was insufficient to satisfy the requirements for the "new facts" exception to the PCRA's timeliness requirements or a substantive claim of after-discovered evidence. Thus, any Appellants who are eligible for PCRA relief and who pled the "new facts" exception as a basis for relief in an untimely PCRA petition or pled an after-discovered-evidence claim in a timely-filed PCRA petition, are not entitled to relief. The PCRA court properly denied all Appellants' PCRA petitions without a hearing. *See Miller*, *supra* at 992. Appellants' second issue does not merit relief.

In their third claim, Appellants allege that the PCRA court erred in concluding that *habeas corpus* was unavailable as a remedy. (*See* Appellants' Brief, at 18-19). We disagree. The PCRA subsumes the remedy of *habeas corpus.* *See Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013), *cert. denied*, 134 S. Ct. 1771 (2014). The Pennsylvania courts have consistently held that, so long as it falls within the ambit of the PCRA, any petition filed after the judgment of sentence is final is to be treated as a PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (noting cases). Appellants' claims of newly discovered evidence are cognizable under the

PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(2)(vi).  Thus, the writ of *habeas corpus* is not available to Appellants.  **See Turner**, **supra** at 770; **Fowler**, **supra** at 591.  Appellants' third issue does not merit relief.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellants' PCRA petitions without a hearing.  Further, we deny Appellants' petition to vacate the current briefing schedule and to remand for an evidentiary hearing.

Petition denied.  Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2015